

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| JOSEPH OQUENDO SALADINO, | ) | Cause No. CV 08-03-M-DWM-JCL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| UNITED STATES, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

On January 4, 2008, Petitioner Joseph Oquendo Saladino filed an application for a writ of habeas corpus.[1]

While the nature of Saladino's claim is far from clear, it is clear that he cannot proceed with an application for a writ of habeas corpus. None of the statutes cited by Saladino, see Pet. at 2-4, ¶¶ I-XV, has any bearing on an application for a writ of habeas corpus. Although Joseph Eugene Lemieux, see Mot. for Leave to File (doc. 2) at 1, is in custody, see Judgment (doc. 65), United States v. Lemieux, No. CR 06-37-M-DWM (D. Mont. Aug. 3, 2007), Saladino lacks standing to seek

---

[1] Saladino did not pay the $5.00 filing fee for filing a petition for writ of habeas corpus. Nor did he move to proceed in forma pauperis. Nor did he pay the $350.00 filing fee for a civil action. However, because it is plain that the Court lacks jurisdiction, taking steps to obtain the filing fee would only consume more time and resources for what is clearly a frivolous filing.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

habeas relief on Lemieux's behalf, see, e.g., Whitmore v. Arkansas, 495 U.S. 149, 161 (1990) (holding that a death row inmate lacks standing to stop execution of another inmate).

Habeas relief is available only to persons who are "in custody." See 28 U.S.C. § 2241(c)(1)-(4). The "custody" element requires a showing either of physical custody, i.e., arrest, detention, or incarceration, or a showing that one's release from such physical custody is conditional, such as release on bail or conditions of parole. See Maleng v. Cook, 490 U.S. 488, 492 (1989). The forms of restraint that Saladino alleges affect him, personally, may broadly be described as rules of litigation, which he believes to be disadvantageous to him in some respects. See "Statement of Restraints," Pet. at 5-8, Nos. 1-10. With one possible exception, they do not remotely qualify as "custody" for habeas purposes.

The Court will assume, for the sake of argument, that Saladino's allegation that he is "being restrained [against] departing the United States by Title 28 U.S.C. § 6851(d)(1)," Pet. at 6 ("Restraint 3"), is the sort of restraint that might constitute "custody." Saladino also alleges that he "claimed the privilege of the writ of habeas corpus to expatriate" and that the Secretary of State "will not issue a certificate of loss of nationality." See Pet. at 4, ¶¶ XVI, XX. In fact, he claims that he "is prosecuting this proceeding to obtain the documentation to abrogate citizenship, determine the tax liability of the petitioner, the said estates and the said transferees." Id. at 4, ¶ XXIII.

These allegations are contradictory. Saladino could seek a certificate of loss of nationality only if he is a United States citizen. See 8 U.S.C. §§ 1481 et seq. At the same time, however, he

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

alleges that he is an alien[2] and is unable to depart the United States "unless he first procures from the Secretary [of the Treasury] a certificate that he has complied with all the obligations imposed upon him by the income tax laws." 26 U.S.C. § 6851(d)(1).

Whichever allegation is true, the Court can only conclude that Saladino is not, in fact, unlawfully restrained. If he is a citizen of the United States, 26 U.S.C. § 6851(d) does not apply to him, and nothing in § 6851 prevents him from leaving the country. He is under no "restraint." Even if he is not a citizen, the Court has not located any authority to support his attempt to challenge the purported jeopardy assessment by filing a petition for writ of habeas corpus. His remedy may lie in a civil action, see, e.g., 26 U.S.C. § 7429(b),[3] but the Court lacks subject-matter jurisdiction to entertain a habeas action, see Maleng, 490 U.S. at 494.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

The Petition (doc. 1) should be DISMISSED for lack of subject-matter jurisdiction. The

---

[2] Saladino also claims to be a "resident of a *foreign* state," id. at 5, ¶ XXVI (emphasis added). His mailing address is in Idaho, which is a State, though not a foreign one. See An Act to Provide for the Admission of the State of Idaho into the Union, P.L. No. 105-296, § 1 (July 3, 1890); Idaho Const. Art. I, § 3. There is no foreign state within the United States.

[3] Congress provides that venue lies "only in the judicial district described in section 1402(a)(1) or (2) of title 28, United States Code." 26 U.S.C. § 7429(e). 28 U.S.C. § 1402(a)(2) applies to corporations. Subsection (a)(1), which applies to natural persons, provides that venue lies "in the judicial district where the plaintiff resides." There is no indication that Saladino resides in Montana.
   Saladino also claims that an illegal assessment has been imposed against him, based on "the fact that under state law the property of the estate is non taxable income." Pet. at 5, ¶ XXV. State tax law defining income does not matter for federal purposes because federal law is supreme. See U.S. Const. Art. VI, cl. 2; see also, e.g., Idaho Const. Art. I, § 3.
   Possibly Congress's venue provision and its tax laws are bound up with the rules of law of which Saladino complains. See Pet. at 3-4, ¶¶ XII-XV; id. at 5-8 ("Statement of Restraints"). A federal court's jurisdiction, however, extends only to interpretation and application of Congress's rules of law, not to their correction.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 3

motion for leave to file (doc. 2) should be DENIED. To whatever extent a certificate of appealability would be required, it should be DENIED. The case should be CLOSED and the Clerk directed to enter a judgment of dismissal.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 9th day of January, 2008.

Jeremiah C. Lynch
United States Magistrate Judge